[Civ. No. 4708.   First Appellate District, Division Two.—July 16, 1923.]

GENERAL MOTORS ACCEPTANCE CORPORATION (a Corporation), Respondent, v. JACK HOLMAN et al., Defendants; HERBERT SIMMONS, Appellant.

[1] APPEAL—NONCOMPLIANCE WITH LAW—DISMISSAL.—Where the appellant has failed to comply with the essential requirements of either method of appeal from a superior court, and the legal time for doing so has expired, the appeal will be dismissed.

MOTION to dismiss an appeal from a judgment of the Superior Court of the City and County of San Francisco. George H. Cabaniss, Judge.   Granted.

The facts are stated in the opinion of the court.

F. G. Eby for Appellant.

Haswell & Pierce for Respondent.

LANGDON, P. J.—This matter comes before us upon a motion to dismiss the appeal of the defendant Herbert Simmons. Notice of said motion was duly served upon the attorney of record for said appellant.

[1] It appears from the certificate of the county clerk of the city and county of San Francisco, filed herein in support of the motion, that a money judgment of the superior court in and for the city and county of San Francisco in favor of plaintiff and against defendants herein was duly made and entered on the fourteenth day of April, 1923; that notice of entry of said judgment was duly served upon the attorney for the defendants on the twenty-ninth day of May, 1923; that on the twelfth day of June, 1923, the defendant Herbert Simmons filed a notice of appeal from the said judgment; that there has been no notice filed of motion for a new trial in said action and no proceedings for a new trial are pending therein; that said notice of appeal contained no request for a transcript under section 953a of the Code of Civil Procedure of the state of California and that no bill of exceptions has been filed under section 650 of the said Code of Civil Procedure, nor transcript under said

section 953a of the Code of Civil Procedure; that no additional time within which to prepare and serve a draft of a bill of exceptions has been allowed by the said superior court or any judge thereof.

The motion is also supported by the affidavit of the attorney for the plaintiff and respondent that no draft of any bill of exceptions nor a copy thereof has been served upon the plaintiff in this action nor upon the attorney for said plaintiff.

It appears, therefore, that the appellant has failed to comply with the essential requirements of either method of appeal from a superior court judgment provided for in this state.

The appeal is dismissed.

Nourse, J., and Sturtevant, J., concurred.