[Civ. No. 7290. First Appellate District, Division One.—February 21, 1930.]

FRED S. ROBBINS, Respondent, v. WILLIAM W. FUNGE, Jr., et al., Appellants.

W. W. Funge, Jr., *in pro. per.*, for Appellants.

William T. Eckhoff for Respondent.

TYLER, P. J.—Motion to dismiss appeal.

Plaintiff recovered judgment against defendants in an action for personal injuries in the sum of $750. The judgment was entered September 20, 1929. Defendants filed their notice of appeal and a stay bond on October 19, 1929. No request was ever made to the clerk to prepare a transcript and none has been filed, nor has any bill of exceptions been prepared or filed. No notice of intention to move for a new trial was made. Appellants, who appear *in propria persona,* attempt to excuse their delay in the preparation of the transcript on the ground that they relied upon their belief that respondent would join in a stipulation granting a new trial and also that family sickness prevented them from properly attending to the litigation and they pray that the time to file the transcript be extended to the month of May, 1930: We have no such power. ▇ Where an appellant has failed to comply with the essential requirements of either method of appeal from a Superior Court and the legal time for doing so has expired, the appeal must be dismissed. (*General Motors etc. Corp.* v. *Holman,* 63 Cal. App. 17 [217 Pac. 1086].)

▇ The method of taking and perfecting appeals to the appellate courts is regulated by statute, and the method so prescribed must, in order that the appeal may be effectual, be followed with substantial strictness. If not so followed the right of appeal is forever lost.

There having been no bill of exceptions proposed or settled as provided for in section 650 of the Code of Civil Procedure and no request having been filed for the preparation of a transcript in accordance with the provisions of section 953a, and the time within which such proceedings might be instituted having long since expired, the appeal must be dismissed. It is so ordered.

Knight, J., and Cashin, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on March 22, 1930, and a

petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on April 21, 1930.

All the Justices present concurred.